**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RUTH PETERSON,                       ) | |
|                                ) | |
|              Plaintiff,        ) | |
|                                ) | Case No. 1:14-cv-67 |
|            vs.                  ) | |
|                                ) | |
| SMALL OFFICE SOLUTIONS, LLC;    ) | |
|                                ) | |
|            Defendant.       ) | |

## COMPLAINT

### INTRODUCTION

1.       Plaintiff Ruth Peterson brings this action to secure redress from unlawful collection practices engaged in by defendant Small Office Solutions, LLC ("SOS").   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.       This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331,  28 U.S.C. §1337, and 28 U.S.C. §1367.

4.       Venue and personal jurisdiction in this District are proper because both parties are located within the District and all events at issue occurred within the District.

### PARTIES

5.       Plaintiff Ruth Peterson is a resident of Muncie, Indiana.

6.       Defendant Small Office Solutions, LLC ("SOS") is a limited liability company organized under Indiana law with offices at 311 S. Walnut, Muncie, IN 47305.

1

7.     Defendant SOS operates a collection agency.

8.     Defendant SOS uses the mails and telephone system to collect delinquent

consumer debts originally owed to others.

## FACTS

9.     Defendant SOS is seeking to collect a sewer bill on behalf of the City of Muncie

for services provided to plaintiff's residence.  The services are provided pursuant to contract,

with the price dependent on usage.

10.     Plaintiff had encountered financial difficulties and had fallen behind on her sewer

bill before defendant SOS became involved with it.  Plaintiff had made payments on the

arrearage and was attempting to meet her obligations to the best of her ability.

11.     During September-November 2013, SOS representatives made a series of

telephone calls to plaintiff, leaving voicemail messages threatening to have plaintiff's water

disconnected.

12.     Examples of the voicemail messages include:

    a.     "Uh, Ruth, here's the message. We've been trying to run your card for the
           $50 payment that you agreed to and authorized us to run. It continues to
           be declined. If we don't have $50 from you in here, no later than the close
           of business tomorrow, then I will begin the process of turning your water
           off at 3908 West 28th Street. That's a promise. If you have any questions,
           254-1220, but we need your payment. Have a good evening."

    b.     "Hi Ruth. This is Rene over at Small Office Solutions. Please give me a
           call back at 254-1220. I'm calling about Muncie Sanitary District past due
           billing for 3908 West 28th Street. Um, it looks like that was due on the 4th
           and I've been calling you and I haven't heard back from you. So I don't
           want to refer your paperwork back over to Muncie Sanitary District and
           have the water shut off. I can hold this until the end business tomorrow,

2

which is the 14th. Please call me. Buh-bye."

13.    During other phone calls, in which SOS representatives spoke to plaintiff, the SOS representatives told plaintiff she didn't need water because "you probably don't shower" and to "pay your f------ bill b----."

14.    SOS also sent plaintiff abusive text messages:

    a.    "Payment is overdue@sos for your past due sewage bill, we must have 50.00 by tomor[r]ow or I will have you water turned off asap, John Hampton, SOS"

    b.    "As an agent of a utility we are not bound by many provisions of the fdca. Msd has a contractual agreement to turn off water when deadbeats don't pay their bill."

    c.    "I will have your water turned off w/in 10 days if you don't pay by close of business 11/19/13,besides you signed a binding agreement, now pay up!"  Plaintiff had not signed any agreement.

15.    Plaintiff instructed SOS by text message to cease calling and texting her.  SOS responded with such texts as "You did sign an agreement and your attorney will tell you to pay your bill, I wont call you I will just turn off your water" and "PAY YOUR SEWAGE BILL IMMEDIAT[E]LY".

16.    Plaintiff did not receive any notice of her rights under the Fair Debt Collection Practices Act, as required by 15 U.S.C. §1692g.  On information and belief, defendant sent none.

17.    Defendant also failed to disclose in their calls and texts that the communications were for debt collection purposes, as required by 15 U.S.C. §1692e(11).

18.    Plaintiff was harassed and aggravated and suffered emotional distress as a result of defendant's conduct.

## **COUNT I  – FDCPA**

19.    Plaintiff incorporates paragraphs 1-18.

3

20.     The conduct described above violated 15 U.S.C. §§1692c, 1692d, 1692e, and 1692g.

21.     Section 1692c provides:

**§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**(1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . . .**

**(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**

**(1)     to advise the consumer that the debt collector's further efforts are being terminated;**

**(2)     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**

**(3)     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt. . . .**

22.     Section 1692d provides:

**§ 1692d.     Harassment or abuse [Section 806 of P.L.]**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. . . .**

23.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

4

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication  with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

24.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and**

5

**address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

      a.      Statutory damages;

      b.      Actual damages;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other and further relief as the Court deems proper.

## COUNT II  – INVASION OF PRIVACY

25.     Plaintiff incorporates paragraphs 1-18.

26.     Defendant violated plaintiff's right to seclusion by engaging in the

communications described above.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant for:

      a.      Actual damages, including general damages;

      b.      Punitive damages;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems proper.


          s/ Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)



**JURY DEMAND**

    Plaintiff demands trial by jury.

          s/ Daniel A. Edelman

T:\29322\Pleading\Complaint_Pleading.WPD

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Ruth Peterson

8

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

9